DAVID LOPEZ, ESQ.
DL-6779
*ATTORNEY FOR PLAINTIFF*
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel: 631.287.5520
Fax: 631.287.5520
e-Mail: DavidLopezEsq@aol.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 24 2014 ★

LONG ISLAND OFFICE

CV-14 5598

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

DEBORAH DONOGHUE,

    Plaintiff,

- against -

LANNETT COMPANY, INC.,

    Defendant.

_____/

WEXLER, J

BROWN, M. J.

PLAINTIFF, by DAVID LOPEZ, ESQ., her attorney, complaining of the defendant, alleges as follows:

## JURISDICTION

1. Jurisdiction over this action is conferred upon the court and arises under the Provisions of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78p(b) and Section 78aa, and other relevant sections of the Securities Exchange Act of 1934, as amended.

This action is not a collusive one intended to confer jurisdiction of a cause upon a court of the United States over which it would not otherwise have cognizance.

**VENUE**

2. Upon information and belief, and at all time hereinafter mentioned, LANNETT COMPANY, INC. is a Delaware corporation with principal offices at 9000 State Road, Philadelphia, Pennsylvania 19136.

3. Upon information and belief, at all times hereinafter mentioned, the defendant's issued and outstanding shares of common stock were registered under Section 12(b) of the Securities Exchange Act of 1934 and were not exempted securities thereunder. The common stock of LANNETT COMPANY, INC. is traded on the New York Stock Exchange located in the City and State of New York. One or more of the transactions underlying this complaint was executed on the New York Stock Exchange.

4. Services giving rise to the recovery to be recited herein were rendered in whole or in part within the Eastern District of New York.

**THE PARTIES**

5. At all times hereinafter mentioned, the plaintiff, DEBORAH DONOGHUE, was and is an owner of common stock of the defendant.

6. At all times hereinafter mentioned the plaintiff's attorney, DAVID LOPEZ, ESQ., was and is an attorney engaged in the practice of law within this district.

7. Upon information and belief at all times hereafter mentioned KEVIN SMITH was an "insider" of LANNETT COMPANY, INC., to wit: a vice president.

**OPERATIVE FACTS**

8. KEVIN SMITH purchased 100 shares of LANNETT COMPANY, INC. common

Stock on December 13, 2013.

9. KEVIN SMITH sold 20,000 shares of LANNETT COMPANY, INC. common stock within a period of less than six months on February 13, 2014.

10. The aforesaid sales were at prices higher than the aforesaid purchases. KEVIN SMITH realized profits through his pecuniary interest in such shares and in such transactions of $1,315.00, more or less, which profits were subject to recovery by LANNETT COMPANY, INC. under the provisions of Section 16(b) of the Act.

11. Upon information and belief KEVIN SMITH failed to pay over such profits to LANNETT COMPANY, INC. except as hereinafter described. KEVIN SMITH and LANNETT COMPANY, INC. were ignorant of their respective obligations and rights prior to the intervention of plaintiff and of her counsel.

12. Pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934 the plaintiff, DEBORAH DONOGHUE, as a stockholder of LANNETT COMPANY, INC. was authorized and empowered to investigate and to identify all transactions effected in its equity securities by officers, directors and more-than-10% shareholders of LANNETT COMPANY, INC. for the purpose of determining whether any such transactions came within the purview of the statute; for the purpose of requesting the defendant to commence suit against any of its officers, directors or more-than-10% shareholders to seek recovery of any profits which they might have realized from their illegal retention of profits derived from trading in the defendant's equity securities; and for the purpose of commencing suit against any such officers, directors or more-than-10% shareholders in the name and on behalf of the defendant to recover the short-swing profits realized by any of them in the event the defendant failed or refused to institute such action or failed diligently to prosecute such suit thereafter.

13. Acting under the right and authority granted to her by the statute as aforesaid the plaintiff, DEBORAH DONOGHUE, retained the legal services of DAVID LOPEZ, ESQ. in a derivative capacity on behalf of the defendant herein to investigate the transactions effected in the defendant's securities by its officers, directors and more-than-10% shareholders to determine whether any of such transactions came within the purview of the statute; to determine and calculate the profits, if any, realized by such officers or directors or more-than-10% shareholders and the nature and extent of their statutory liability; to make proper statutory demand on the defendant requesting that it institute suit against any of its officers, directors of mjore-than-10% shareholders for the recovery of such statutory profits; to furnish the defendant with information as might be necessary or proper for the commencement and prosecution of such action; and to prepare all pleadings, proofs and papers necessary or proper for the commencement of such suit in the event the defendant failed or refused to institute sucfh action or failed diligently to prosecute the same thereafter.

14. The plaintiff, DEBORAH DONOGHUE, agreed to pay a fair and reasonable counsel fee to DAVID LOPEZ, ESQ. for his legal services rendered, contingent upon any benefits which the defendant might derive therefrom and contingent upon the defendant's reimbursing the plaintiff in the amount of such legal fee so incurred.

15. The law firm of DAVID LOPEZ, ESQ. undertook to perform all legal services required pursuant to the aforesaid contingent retainer and after making a complete an exhaustive investigation into the law applicable thereto and after ascertaining that the transactions of GREGORY S. LANG in the defendant's securities had been made in violation of Section 16(b) of the Securities Exchange Act of 1934, and after computing and determining that KEVIN SMITH had realized profits which were recoverable by LANNETT COMPANY, INC. in

accordance with the applicable provisions of the statute aforesaid plaintiff, through her attorney, on February 18, 2014, made written demand, delivered the same day, upon the board of directors of LANNETT COMPANY, INC. that it act to recovery all short-swing trading profits of KEVIN SMITH through his trading in shares of LANNETT COMPANY, INC. during periods of less than six months while an officer thereof.

16. In response thereto and as a result thereof LANNETT COMPANY, INC. collected $1,315.00 from KEVIN SMITH on or about June 9, 2014, after plaintiff's demand and solely in response thereto.

17. Plaintiff's counsel has requested of LANNETT COMPANY, INC. a legal fee of $330.00 or 25% of the benefit received by LANNETT COMPANY, INC. Through its president it has refused that request and directed plaintiff's counsel to "Sue Me".

18. Upon information and belief, by reason of its receipt and acceptance of the legal services rendered and communicated to the defendant by plaintiff's attorney, DAVID LOPEZ, ESQ., and the defendant's subsequent actions taken pursuant thereto, the defendant ratified and confirmed the right and authority granted by the statue to plaintiff, DEBORAH DONOGHUE, and to her attorney, DAVID LOPEZ, ESQ., to render the aforesaid services for and on behalf of the defendant.

19. Upon information and belief, the defendant has knowingly received, accepted and retained the benefits of the services rendered by plaintiff, DEBORAH DONOGHUE, through her attorney, DAVID LOPEZ, ESQ., and has realized a gain or benefit in the amount of $1,315.00, more or less, which it would lnot otherwise have realized but for such services.

20. Plaintiff, DEBORAH DONOGHUE, is entitled to recover from the defendant a fair

and reasonable fee for her attorney for services contingently undertaken and incurred in performing those services and in taking the steps which resulted in the creation of the fund for defendant's benefit in the amount of $1,315.00. Plaintiff seeks no personal benefit but brings this action to recover the expenses contingently incurred by her in an amount of the reasonable value of the legal services rendered by her attorney, DAVID LOPEZ, ESQ., and solely for the purpose of paying for those services.

21. Upon information and belief, and in view of the amount of benefit conferred upon the defendant, the fair and reasonable value of the legal services rendered by plaintiff's attorney, DAVID LOPEZ, ESQ., in this matter is $330.00.

**WHEREFORE**, plaintiff demands:

1. A determination and declaration of the fair and reasonable amount due to plaintiff as payment for her legal fees.

2. Judgment against the defendant in the amount of $330.00 inclusive of out-of-pocket disbursements, together with the costs of this action, including but not limited to the filing fee, statutory costs, the costs of service of process and all other costs properly assessable.

3. Such other, further and/or different relief as the court may deem just and proper.

Dated: Southampton, New York
September 19, 2014

Law Offices of DAVID LOPEZ, ESQ.

By: _____
DAVID LOPEZ, ESQ.