

# Fox Rothschild LLP
ATTORNEYS AT LAW

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

Elizabeth A. Chew
Direct Dial: (212) 878-7968
Email Address: echew@foxrothschild.com

October 17, 2014

**VIA ECF**

Hon. Leonard D. Wexler
Senior United States District Court Judge
United States District Court for the Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

Re:   **Donoghue v. Lannett Co., Inc., Case No. 14-CV-5598-LDW-GRB**

Your Honor:

We represent defendant Lannett Company, Inc. ("Lannett") in the above-referenced action. Pursuant to 2(B) of Your Honor's Individual Motion and Practice and Rules, Lannett respectfully requests that Your Honor schedule a pre-motion conference for its anticipated motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6).

The plaintiff, Deborah Donoghue, a purported stockholder of Lannett, commenced this action in a derivative capacity, seeking a legal fee for allegedly discovering a sale of stock, which ultimately led to Lannett disgorging a profit of approximately $1,300 from one of its officers. Ms. Donoghue demanded that Lannett pay her legal fees for work done by her counsel, David Lopez, in connection with the disgorgement. Lannett refused and Ms. Donoghue commenced the instant action.

The first basis of Lannett's anticipated motion to dismiss is that Lannett's by-laws expressly provide that the Court of Chancery of the State of Delaware shall be the exclusive forum for, among other things, any derivative action brought on behalf of the company. Accordingly, Lannett will request that the Court dismiss the complaint for improper venue.

The second basis of Lannett's anticipated motion is that Ms. Donoghue lacks standing to assert a claim for legal fees because there is no existing "case or controversy" pursuant to Article III of the Constitution. Ms. Donoghue can show no injury-in-fact, as her responsibility to pay her counsel is contingent upon Lannett reimbursing her in the amount of such legal fee so incurred. Thus, Mr. Lopez has no direct recourse against Ms. Donoghue. Further, there is no causal link



Hon. Leonard D. Wexler
October 17, 2014
Page 2

between defendant's conduct, i.e. Lannett's refusal to pay Mr. Lopez's fee, and any injury to her. Lastly, Ms. Donoghue cannot demonstrate that any injury will be addressed by a favorable decision, as no injury to her exists regardless of whether or not Mr. Lopez gets paid.

We thank the Court for its attention to this matter and will appear for conference at the Court's convenience.

Respectfully submitted,

*Elizabeth Chew*

Elizabeth A. Chew


cc:   Samuel H. Israel (Via Email)
      David Lopez (Via ECF)