# DAVID LOPEZ

ATTORNEY AT LAW

171 EDGE OF WOODS ROAD
SOUTHAMPTON, NEW YORK 11968

MAILING ADDRESS:
P.O. BOX 323
SOUTHAMPTON, NEW YORK 11969-0323

TELEPHONE (631) 287-5520
FACSIMILE (631) 283-4735
E-MAIL DAVIDLOPEZESQ@AOL.COM

October 24, 2014

Hon. Leonard D. Wexler
Senior Judge
United States District Court, E.D.N.Y
Federal Plaza
Central Islip, New York 11722

Re:   Donoghue v. Lannett Co., Inc., 14 Civil 5598 (LDW)(GRB)

Your Honor:

I represent Ms. Donoghue, the plaintiff in this matter, and I write in obedience to Your Honor's Individual Rule of Practice 2(B) in response to the letter of Lannett Co. Inc.'s counsel of October 17, 2014.

Ms. Chew correctly describes the case. My client engaged me on a contingent fee to cause the recovery of a small short-swing profit from an insider of Lannett. Over the intransigence of Lannett's President and CEO, Arthur Bedrosian, I persisted and the insider disgorged approximately $1,300. I then requested a modest fee in keeping with the modesty of the recovery. By letter dated September 3, 2014, Mr. Bedrosian graciously instructed me to "sue me". I sued Lannett instead.

In that spirit of reason and proportion Lannett now proposes to bring two motions to dismiss under F.R.C.P. Rules 12(b)(3) and 12(b)(6).

The first purported basis for dismissal is that Lannett's by-laws provide that derivative suits shall be brought in the Court of Chancery of the State of Delaware.

The suit before Your Honor is not derivative. It is a suit for compensation for services rendered which provided Lannett with a tangible benefit. Had suit been brought under Section 16(b) of the Securities Exchange Act ) (the "Act") for a recovery of profits it, too, would not have been derivative, although such an action has sometimes been loosely described that way. The cases identify a suit under Section 16(b) as one pursuing a direct right vested in any shareholder of an issuer registered under Section 12 of the Act. "The right is direct because the statute makes it so." *Dottenheim v. Murchison*, 227 F.2d 737; *Schaffer v CC Investments, LDC*, 286 F. Supp. 2d 279, 282 (S.D.N.Y. 2003).

DAVID LOPEZ

Hon. Leonard D. Wexler
October 24, 2014
Page 2

The federal courts have jurisdiction not only over Section 16(b) claims but also over the "remedial incidents" of Section 16(b) enforcement, such as attorney's fees. *Gilson v. Chock Full O'Nuts Corp.*, 331 F.2d 107, 109. The fact that a fee claim is less than the jurisdictional amount for federal actions does not preclude federal jurisdiction, *Shapiro v. Santa Fe Gaming Corp.*, 1998 WL 102677 (N.D. Ill, February 27, 1998) (action for legal fee of $896).

Exclusive jurisdiction over enforcement resides in the federal courts. *Blau v. Lamb*, 363 F. 2d 507, 512 (2d Cir. 1966), cert. denied 385 U.S. 1002 (1967). See also *Donoghue v Bulldog Investors General Partnership*, 696 F. 3d 170, 180 (2d Cir. 2012). It is beyond the power of individuals, through by-laws or other forms of contract, to divest the federal courts of statutory exclusive jurisdiction against the objections of non-consenting parties.

A motion based on this stated ground would be frivolous and a subject for Rule 11 consideration.

The second branch of the proposed motion purports to find "no case or controversy pursuant to Article III of the Constitution". In *Donoghue v Bulldog Investors…, supra*, the claim was that my client, as a shareholder, had no injury in fact warranting a recovery of short-swing profits. A Second Circuit panel disagreed unanimously with explication that reputational injury to the issuer from non-enforcement is sufficient to provide injury in fact and that a shareholder seeking enforcement stands in the shoes of the issuer. I submit that having acted *in loco parentis* for a recalcitrant management Ms. Donoghue may compel modest payment from the issuer for services rendered by her attorney. Every court that has looked at the issue in the past sixty or so years has agreed.

In the words of Judge Lynch addressed to appellant's counsel at the oral argument of *Donoghue v Bulldog*, "It's a bit late in the day to come up with this argument, isn't it?

Again, we are in the realm of frivolity, of desires for vexation, to add expense and delay, and of Rule 11 considerations.

Very truly yours,

David Lopez

DL/el

Cc: Elizabeth Chew, Esq.
VIA ECF