

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

Elizabeth A. Chew
Direct Dial:  (212) 878-7968
Email Address:  echew@foxrothschild.com

October 28, 2014

**VIA ECF**

Hon. Leonard D. Wexler
Senior United States District Court Judge
United States District Court for the Eastern District of New York
944 Federal Plaza
Central Islip, NY  11722

Re:     **Donoghue v. Lannett Co., Inc., Case No. 14-CV-5598-LDW-GRB**

Your Honor:

We represent defendant Lannett Company, Inc. ("Lannett") in the above-referenced action and file this short reply to the letter submitted by plaintiff's counsel dated October 24, 2014, which was filed in response to the request for a pre-motion conference.

Mr. Lopez claims that his client engaged him to recover a small short-swing profit from an insider of Lannett and that "over the intransigence of Lannett's President and CEO, Arthur Bedrosian, [he] persisted and the insider disgorged approximately $1,300." Mr. Lopez is incorrect.  In fact, shortly after Mr. Lopez sent his first letter, Lannett promptly contacted the insider and the short-swing profit was promptly disgorged.  Under the circumstances, the plaintiff is entitled to no fee.  See Blau v. Rayette –Faberge, Inc., 389 F.2d 469, 473 (2d Cir. 1968) (reimbursement of fee allowed only if corporation has done nothing for an extended period of time after notification of short-swing trade).

As indicated in my earlier letter, Lannett seeks to file a motion to dismiss under Rule 12(b)(6) on the grounds that Ms. Donoghue lacks standing to file a claim for the recovery of Mr. Lopez's

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia
Florida   Nevada   New Jersey   New York   Pennsylvania   Texas



Hon. Leonard D. Wexler
October 28, 2014
Page 2


legal fee.[1]  Plaintiff cites to Donoghue v. Bulldog Investors General Partnership, 696 F.3d 170, 180 (2d Cir. 2012) for the proposition that plaintiff has standing to bring claims under Rule 16(b) of the Securities Exchange Act of 1934.  In the Bulldog case, which involved a claim for the disgorgement of short swing profits, the Second Circuit held that it is the invasion of the issuer's legal right to recoup the short swing profits which causes the issuer injury-in-fact, and provides the basis for an individual shareholder's standing to puruse a Section 16(b) claim.  696 F.3d at 179.  Thus, if this case involved a claim for disgorgement of short swing profits, the holding in Bulldog would control.  However, in this case, plaintiff is not asserting a claim for the disgorgement of the short swing profits, as those profits were promptly re-paid to Lannett well before the complaint was filed.  Rather, plaintiff is asserting a claim for legal fees, but based on the allegations of the complaint, she will never be liable to her attorney to pay him any such fees.  Accordingly, the Bulldog case is distinguishable.

We thank the Court for its attention to this matter and will appear for conference at the Court's convenience.

Respectfully submitted,

*Elizabeth Chew*

Elizabeth A. Chew


cc:   Samuel H. Israel (Via Email)
      David Lopez (Via ECF)

---

[1] In my initial letter, I indicated that Lannett would seek dismissal based on the application of the choice of forum provision in the Lannett By-Laws.  However, as plaintiff points out, exclusive jurisdiction over the claim resides in federal court, therefore, Lannett will not seek dismissal on such grounds.